**TOM OKUDA**, Petitioner–Appellant, v. **DARWIN CHING**, and **KEITH KANESHIRO**, Prosecuting Attorney for the City and County of Honolulu, State of Hawaii, Respondents–Appellees

NO. 13705

(S.P. NO. 89–0022)

JANUARY 24, 1990

PADGETT, ACTING C.J., RETIRED JUSTICE NAKAMURA, ASSIGNED BY REASON OF VACANCY, AND INTERMEDIATE COURT OF APPEALS JUDGE TANAKA, IN PLACE OF LUM, C.J., RECUSED, CIRCUIT JUDGE ACOBA, IN PLACE OF HAYASHI, J., RECUSED, AND CIRCUIT JUDGE MOON, IN PLACE OF WAKATSUKI, J., RECUSED

**Per Curiam**. This is an appeal from an order denying a petition for a writ of quo warranto and dismissing the petition.

The prosecution of petitioner–appellant Tom Okuda (appellant) on misdemeanor charges was commenced while Charles Marsland (Marsland) was City Prosecutor. Respondent–Appellee Darwin Ching (Ching) was the Deputy Prosecutor handling the prosecution and respondent–appellee Keith Kaneshiro (Kaneshiro) was then a Deputy Attorney General of the State of the Hawaii. In the November elections of 1988, appellee Kaneshiro was elected Prosecutor of the City and County of Honolulu to replace Marsland with a term to commence January 2, 1989.

In an affidavit filed by appellant's counsel, Michael Weight, dated November 28, 1988, it was asserted as follows:

e. Keith Kaneshiro, while serving as a Deputy Attorney General, met with Defendant Tom Okuda regarding allegations made in the instant complaint;

f. During that meeting, Keith Kaneshiro was acting in his capacity as counsel to public officers;

g. At the time of the meeting, Defendant Tom Okuda was a public officer;

h. During the meeting, Keith Kaneshiro received confidential communications from Defendant Tom Okuda related to the above–entitled matter[.]

On December 28, 1988, appellee Ching addressed a letter to appellee Kaneshiro outlining the terms under which he, as a private attorney, would act as a special prosecutor in appellant's criminal case.

On January 2, 1989, appellee Kaneshiro became Prosecutor of the City and County of Honolulu.

On January 9, 1989, appellee Ching, as "temporary independent special deputy prosecuting attorney" addressed a letter to appellant's counsel concerning certain proceedings in the case.

There was pending a motion by appellant to recuse the Office of the Prosecuting Attorney, and appellees Ching and Kaneshiro from further participation in the case. On January 10, appellee Ching filed a memorandum in opposition thereto which stated in part:

> As indicated in State's Memorandum of December 27, 1988, fin. 1, Keith M. Kaneshiro, Prosecutor Attorney for the City and County of Honolulu, will appoint a special independent deputy prosecuting attorney to handle this case. The Prosecuting Attorney does not concede any merit to Defendant Okuda's allegations and motion, however, following the highest possible ethical standards, and to avoid *any appearance* of impropriety the special appointment will be made. The motion to recuse Keith M. Kaneshiro, Prosecuting Attorney, has therefore become moot and irrelevant, and must be denied.
>
> The question of who will be appointed as the permanent independent special deputy prosecutor will be determined immediately after the January 13, 1989, hearing. If Darwin L.D. Ching is recused then obviously he cannot be appointed. If he is not recused then the Prosecuting Attorney's Office will then make a determination of the appropriate appointment for that position. The possibilities range from Mr. Ching to deputies in the outer island prosecutor's offices. In the interim Mr. Ching will serve as the State's attorney.

In the light of those representations, appellant, on January 20, 1989, withdrew his motion to recuse appellee Kaneshiro.

On January 30, appellant filed a petition for writ of quo warranto challenging appellee Ching's right to serve as a deputy prosecutor in appellant's criminal case. On February 3, the acting Corporation Counsel of the City and County of Honolulu, on behalf of appellees Ching and Kaneshiro, filed a motion to dismiss the petition or alternatively a motion for summary judgment, and, on

March 9, the court below entered its "Order Denying Petition For Writ Of Quo Warranto And Granting Motion To Dismiss Petition" and this appeal followed.

As the court below noted:

Article VII, Section 2, of the Hawaii State Constitution states in its relevant part:

"Each political subdivision shall have the power to frame and adopt a charter for its own self–government within such limits and under such procedures as may be provided by general law."

Section 46–1.5(17), of the *Hawaii Revised Statutes* (hereinafter, "*H.R.S.*") provides:

"Each county shall have the power to provide by charter for the prosecution of all offenses and to prosecute for offenses against the laws of the State under the authority of the attorney general of the State."

Section 46–1.5(4), *H.R.S.* also provides:

"Each county shall have the power to make contracts and to do all things necessary and proper to carry into execution all powers vested in the county or any county officer."

The *Revised Charter of the City and County of Honolulu, 1973* (1984 Ed.) Article VIII, Section 8–104 gives the public prosecutor the authority to prosecute violation of state laws or city ordinances occurring within the City and County of Honolulu. The last sentence in Section 8–104(d) states that:

"Nothing herein contained shall prevent the conduct of proceedings by private counsel before courts of record under the direction of the prosecuting attorney."

Furthermore, Section 8–105(1) states:

"The prosecuting attorney may appoint deputies and other necessary staff, including investigators who shall have all the powers and privileges of a police officer of the city."

Appellant contends that in a case where the prosecutor of the City and County of Honolulu, in a criminal case, either recuses himself, or is disqualified from further participation in the proceedings by the court, the further prosecution of the matter must be turned over to the Office of the Attorney General of the State of Hawaii, and any special counsel retained can be retained only by the Office of the Attorney General. He therefore asserts that the appointment of appellee Ching was not authorized by law and that consequently his appointment is void.

We disagree. To begin with, we view the statutory and charter provisions set forth above, and quoted by the lower court as the basis of its decision, as allowing the Prosecutor of the City and County of Honolulu, in his discretion, to hire private counsel to prosecute particular cases.

Appellant contends, however, that the provision in the last sentence of Charter § 8–104(d) "under the direction of the prosecuting attorney" requires the prosecuting attorney's personal supervision, and that, unless he personally supervises the private counsel, the appointment is void.

This contention founders on the rock of common sense. There is no way, given the volume of criminal cases handled by the prosecuting attorney of the City and County of Honolulu, that the prosecutor can personally supervise each and every case.

Under Charter § 8–105, the prosecuting attorney is empowered to appoint deputies, and under the provisions of Charter § 8–104, it is obvious that it is intended that those deputies may perform the functions of the prosecutor. For example, under Charter § 8–104(a), the prosecuting attorney is required to "[a]ttend all courts in the city and conduct, on behalf of the people, all prosecutions therein for offenses against the laws of the State

and the ordinances and rules and regulations of the city." Clearly, those functions were intended to be accomplished by a duly appointed deputy.

So also the supervision of private counsel, employed for a particular case, can be accomplished by a duly appointed deputy. Such was the arrangement made in appellee Ching's December 28 letter to appellee Kaneshiro for it provided:

> To preserve the integrity and independence of this prosecution, my communications with your office will be limited to and through your first deputy, Cora Lum. I will, as necessary and appropriate, provide status reports on the prosecution of the case. These may take the form of either a written or oral report(s).

Following that statement, the letter goes on to discuss the details of the compensation arrangement, the services to be rendered, and how various matters will be handled, and ends up:

> I will work out these details with Cora Lum, your first deputy.

We therefore hold that appellee Ching established, on the record, the validity of his appointment and his right to serve for the prosecution in the case.

We note that when the alleged confidences were given, appellee Kaneshiro was a deputy attorney general and that later, by virtue of the election process, he made what among lawyers is known as a "lateral transfer" and became the Prosecutor of the City and County of Honolulu. There was no ruling below on his alleged disqualification because that motion was withdrawn. We therefore are not obliged, on the record in this case, to pass upon any issue of the actual, or imputed vicarious, disqualification of the offices of the Prosecutor of the City and County of Honolulu and of the Attorney General of the State of Hawaii, or appellee Ching by virtue of the allegations made against appellee Kaneshiro.

The order appealed from is affirmed.

*Michael A. Weight* for appellant.

*Ted H.S. Hong*, Deputy Corporation Counsel, for appellees.